## Citizenship of Physicians

CREAMER, Attorney General, March 23, 1972.— You have requested our opinion as to whether an individual who otherwise meets the requirements of the Medical Practice Act of June 3, 1911, P. L. 639, as amended, 63 PS §401, et seq., for licensure, may be denied such licensure merely because he is not a citizen of the United States.

Section 5 of the Act, 63 PS §405, provides in pertinent part:

"Each applicant for licensure under the provisions of this act shall furnish, prior to any examination by the said board, satisfactory proof that he is a citizen of the United States or has declared his intention of becoming a citizen. . .

"Applicants from countries foreign to the territory of the United States, who desire to be licensed by said board, . . . shall present a certificate of United States citizenship or a declaration of intention. . . The license of any licensee who fulfills the requirements of this act relating to citizenship by presenting a declaration of intention of becoming a citizen, shall be automatically revoked by the board if such licensee does

not present a certificate of United States citizenship to the board within seven years after original licensure."

It is our opinion, and you are so advised, that the above requirements are unconstitutional and unenforceable on the basis of our opinion to the State Board of Veterinary Medical Examiners, of December 17, 1971, a copy of which you have received. The above-quoted provision, by denying licensure to an individual who does not take steps to become a citizen, or who cannot qualify to become a citizen, denies that individual equal protection of laws within the meaning of the Fourteenth Amendment to the United States Constitution.

The conclusion we have reached, it may be observed, is even more compelling in this instance than it was in our opinion of December 17, 1971. The Medical Practice Act does not even pretend that there is a compelling State interest in requiring citizenship as a prerequisite for licensure to practice medicine and surgery, since it allows noncitizens to practice up to seven years in this status. It is, therefore, clear beyond doubt that the citizenship requirement is not a necessary or proper qualification prerequisite for licensure, but that it deprives noncitizens of equal protection for no reason. Accordingly, it is unconstitutional and unenforceable.

Finally, we note that this restriction has not served the public interest. As you have stated, and as we have learned from the recent reports by the State Department of Health and the Pennsylvania Medical Society, there is a serious dearth of licensed physicians in Pennsylvania. The removal of this unconstitutional citizenship restriction may, thus, it is hoped, help alleviate this situation and lead to improved health care for the citizens of this Commonwealth.